TERENCE DONELLY, survivor, &c., *against* JAMES COR-
BETT, Impleaded, &c.

### *Attachment; foreign insolvent laws.*

THE plaintiff, residing in the city of New York, sold goods at that city to Corbett, a citizen of South Carolina, and received in payment therefor the note of the purchaser, payable at Charleston, in the latter state. After the note became due, the plaintiff prosecuted the same to judgment, in one of the state courts of South Carolina, and the defendant was imprisoned under execution upon the judgment. While so imprisoned, the defendant applied to the court for, and subsequently obtained, a discharge from imprisonment, *and from the debt,* under insolvent laws of that state, which were in force when the debt was contracted. After such discharge, the plaintiff caused goods of the defendant to be attached in the city of New York, on account of that debt, by virtue of a warrant, the application for which stated that the defendant, Corbett, was indebted to the plaintiff in the sum of $1,520.95; "that such demand arose upon a judgment, which the applicant had been informed was obtained in or about the year 1843," &c. The defendant gave a bond to obtain a discharge of the goods, and on that bond this suit was brought; which was defended on the grounds that the discharge in South Carolina cancelled the debt, and that the application for the warrant only stated the indebtedness on information and belief, and was therefore insufficient.

*Held*, that the discharge in South Carolina was ineffectual against the creditor living in this state.

That the plaintiff, by proceeding in the courts of South Carolina to enforce the payment of his debt, did not become bound by the insolvent laws of that state, providing for its discharge without payment.

That by imprisoning the debtor under the state laws, the plaintiff became bound by all laws of the state *affecting that remedy*, but not by those impairing the *obligation* of the contract.

That the indebtedness was well stated in the application for the warrant. That the information and belief related to *the date* of the judgment, not to its existence, or to the fact of indebtedness.

(S. C., 7 N. Y. 500.)